No. 3175.—Geo. H. Sallis *v.* McLearn & Mason.

An injunction will not lie to stay the execution of a judgment on the allegation that the judgment has been novated by giving a note, if the evidence shows that the note was placed in the hands of the judgment creditor before the judgment was obtained and that the judgment creditor has offered to return it before execution was ordered. In such a case, the injunction will be dissolved, with damages against the plaintiff in injunction and his surety on the bond *in solido.*

APPEAL from the Ninth District Court, parish of Rapides. *Osborn,* J. *W. A. Seay,* for plaintiff and appellee. *H. S. Losee,* for defendants and appellants.

Howell, J. On the twenty-ninth February, 1868, the defendants herein obtained judgment, on the confession of the plaintiff, dated eighteenth December, 1867, for $2512 40, with eight per cent. interest from nineteenth March, 1867, subject to a credit of $711 17 on first January, 1868. A further credit of $601 was indorsed on this judgment on seventh March, 1868, and on twenty-sixth May, 1870, the

plaintiff obtained an injunction against the execution of a *fieri facias* upon the balance, on the allegation that the judgment had been novated by a note given by him to the defendants, and which had passed into third hands.

The defendants allege that the note referred to was given by the plaintiff before he confessed judgment, was afterwards tendered to him by their attorney, and they now tender it in court.

On the trial, said note was tendered and filed in open court, and it was shown that council offered it to plaintiff before issuing execution. It is dated first December, 1867, and due at twelve months, for $1410, with eight per cent. interest from date until paid. No other note is shown to have been given by the plaintiff, and if this be the one relied on by him as novating the judgment, he is mistaken. It is anterior to the date of his confession and the payment of $601 in March, 1868, and does not correspond with the balance due on the judgment. It seems probable, as stated by one of the defendants, that it was taken in prospect of obtaining a judgment on the debt. However this may be, as it is surrendered to the plaintiff on a judicial admission by defendants that it no longer binds him, he has no cause to complain, and defendants are entitled to a dissolution of the injunction and the execution of their judgment.

It is therefore ordered that the judgment appealed from be reversed, and that there be judgment in favor of defendants, dissolving the injunction herein, and that plaintiff and his surety be condemned, *in solido*, to pay ten per cent. on the amount of the judgment enjoined with costs in both courts.